PEOPLE ex rel. ERIE R. CO. et al. v. BOARD OF RAILROAD COMMISSIONERS et al.

(Supreme Court, Appellate Division, Third Department. September 11, 1900.)

CERTIORARI—REVIEW OF QUESTIONS OF FACT.

    Under Code Civ. Proc. § 2140, relating to a review of the determination of an inferior tribunal on writ of certiorari, and providing that where certain facts must be proved to authorize the determination, the court shall determine whether there was, on all the evidence, such a preponderance of proof against the existence of any of those facts that the verdict of a jury affirming their existence would be set aside as against the weight of evidence, the relators for a writ of certiorari to review the determination of the board of railroad commissioners granting a railway company a certificate of reasonable necessity and convenience for the construction of its proposed road must show that the conclusions of the commissioners are wholly without support of evidence, or that the evidence so far preponderates against the facts found that, if found by a jury, the court would set aside the verdict as against the weight of evidence.

Certiorari by the people, on the relation of the Erie Railroad Company and others, to review the determination of the board of railroad commissioners granting to the Delaware Valley & Kingston Railway Company a certificate of reasonable necessity and convenience for the construction of its proposed road, under Railroad Law, § 59. Determination of the board of railroad commissioners confirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

David Wilcox, Frank H. Platt, John B. Kerr, William F. Dunning, and Herbert F. Kinney, for relators.

Shearman & Sterling (Thomas G. Shearman and John A. Ganor, of counsel), for respondent railway company.

PER CURIAM. To the board of railroad commissioners, and not to the court, is given primarily the determination of the question of the public necessity and convenience required by law for the construction of a proposed road. With a view to this duty in part, presumptively, the commissioners have been specially selected. It is significant that by section 59 of the railroad law, while provision is made for an appeal by the petitioner in case a certificate is refused, no appeal is given where, as in the case at bar, the certificate is granted. Recognizing, however, the right of review under this writ, this court has always been slow to interfere with the conclusions of the board except

for manifest error. To sustain this writ the relators must show that the conclusions of the commissioners are wholly without support of evidence, or that the evidence so far preponderates against the facts found that, if found by a jury, this court would set aside the verdict as against the weight of evidence. Code Civ. Proc. § 2140. The guiding rules upon the review of such verdicts are well settled, and need not here be enunciated. In the memorandum submitted by the commissioners with their report the reasons for their holdings are clearly and concisely stated. Upon a careful examination of the record, our conclusion is that the evidence does not so far preponderate against the facts found by the board as to authorize a reversal of its determination.

Determination of the board of railroad commissioners confirmed, with $50 costs and disbursements.